*J. W. Robinson*, for appellant.

---

## CLARK v. DUFFEY.

STATUTE OF FRAUDS.—A took from B a chattel mortgage, which he failed to have recorded within ten days after its execution. B sold the mortgaged property to C, and took his note for the price. Subsequently, C agreed with A, orally, to surrender the property to him, if he would take up and deliver to him, C, the note given by him to B. A, in pursuance of the agreement, took up the note, and tendered it to C, who refused to surrender the property. Suit by A to recover the value of the property.

*Held*, that the contract between A and C was not a contract of sale, but an agreement on the part of C to waive his claim, and allow A's mortgage to take effect upon the property, and, hence, was not within the statute of frauds.

APPEAL from the *Decatur* Circuit Court.

RAY, J.—The appellant sued the appellee before a justice of the peace. In his complaint, he averred that on the 4th day of *October*, 1861, one *Clemens Bymer* was indebted to him in the sum of $110, due on or before the 1st day of *January*, 1863, and that to secure the note, *Bymer* executed a mortgage on two mares and a wagon, then owned by *Bymer*; that the appellant neglected to record his mortgage within ten days, and that *Bymer* afterward, without the knowledge or consent of appellant, disposed of one of the mares to a person unknown to appellant, who conveyed it away beyond the reach of appellant. That afterward, *Bymer* secretly, and without appellant's knowledge, sold

and delivered the remaining mare and the wagon to the appellee, and took his note for the purchase money, the sum of $70, dated *December* 20th, 1862, and due nine months after its date; that *Bymer* is insolvent, and that he made the sale to cheat and defraud the appellant of his mortgage debt, and that the mare and wagon, so sold to the appellee, were of the value of $125. That the appellee, about the time the mortgage debt matured, to-wit: on the 1st day of *January*, 1863, contracted and agreed with the appellant, that if the appellant would take up the note of appellee, in the hands of *Bymer*, the appellee would, in consideration thereof, surrender to the appellant the said mare and wagon; that the appellant, in pursuance of said contract, did take up said note of the appellee, in the hands of *Bymer*, for said sum of $70, and, in consideration that said *Bymer* would make the surrender aforesaid, relinquished and discharged said mortgage debt, and tendered the $70 note to the appellee, on the 1st day of *January*, 1863, and demanded the mare and wagon, but he refused to deliver the same according to the terms of the contract, and retained the same.

The appellant brought the note into court, and demanded judgment for the value of the mare and wagon, $125.

The appellee moved to dismiss the suit, for the reason that it did not state facts sufficient to constitute a cause of action. The justice overruled the motion, and the appellee answered in two paragraphs: 1st, a general denial. 2d, the statute of frauds; that the contract was for the sale of goods of over $50 in value; that it was not in writing; that no earnest money was paid, nor any part of the property delivered.

The justice decided against the appellant.

In the Circuit Court, the appellee renewed his motion to dismiss the cause, but the court overruled the motion. The appellant then moved to strike out the second paragraph of the answer, which motion the court overruled.

The cause was then tried, and a finding had for the

defendant, and judgment was rendered upon the overruling of a motion for a new trial.

The appellant assigns as error the action of the court in overruling his motion to strike out the second paragraph of appellee's answer. That paragraph treats the transaction stated in the complaint as a sale. If it could be so regarded, we are not clear that a payment of a consideration by the appellant, in the purchase of the seventy dollar note given by the appellee, would not avoid the application of the *statute of frauds.* But however that may be, we regard the contract stated as simply an agreement, by the appellee, to waive all rights acquired by him as a purchaser without notice, and, for a certain consideration, to allow the mortgage the full force and effect upon the property that it could have in law as between the parties. The complaint alleges the payment of the consideration, and the plea of the statute of frauds constitutes no defense to the action. The motion to strike out the second paragraph of the answer should have been sustained. The evidence for the appellant sustains the averments of the complaint.

The judgment is reversed, with costs, and the court directed to sustain the motion to strike out the second paragraph of the answer of appellee.

*O. B. Hord* and *C. Ewing,* for appellant.